GLR/byk/bd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**STEVE BLAIR,**

        **Plaintiff,**

                                    **CIVIL ACTION**

v.

                                    **No. 05-2450-KHV-GLR**

**COLORADO HOSPITALITY SERVICES,**
**INC.,**

        **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Compel (doc. 27). Defendant requests that the Court enter an Order compelling Plaintiff to provide supplemental responses to its Opening Interrogatories Nos. 4, 7, 9, and 11. For the reasons set forth below, Defendant's Motion to Compel is granted.

**I.    Introduction and Background**

This case arises out of an alleged slip and fall case that occurred on or about December 13, 2003. Plaintiff claims that Defendant's stairs were poorly lighted and covered in ice.

Relevant to this motion, Defendant served its Interrogatories to Plaintiff on January 31, 2006.[1] Plaintiff served his Answers to the Defendant's Opening Interrogatories on March 3, 2006.[2] Defendant notified Plaintiff by letter on March 7, 2006 of the interrogatory answers it claimed were deficient. After

---

[1] *See* Cert. of Service (doc. 18).

[2] *See* Cert. of Service (doc. 23).

attempting to confer with Plaintiff in order to resolve the interrogatories in dispute without court action, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2, Defendant filed its Motion to Compel Discovery on April 11, 2006. Defendant claims that Plaintiff did not properly answer Opening Interrogatories Nos. 4, 7, 9, and 11. Plaintiff opposes the motion, arguing that he has already provided information sufficiently responsive to these interrogatories.

## II.    Discovery Requests at Issue

### A.    Opening Interrogatory No. 4

Defendant's Opening Interrogatory No. 4 requests that Plaintiff identify if he has been treated in a hospital in the past ten years, and for each such hospital, state the dates of treatment, confinement, and/or emergency care; and also to identify the hospital, as well as the reason, condition and/or injury which necessitated the treatments. Plaintiff responded to the interrogatory by stating that he had already produced his medical records for the past ten years. Defendant argues that Plaintiff's Answer does not answer the interrogatory because it does not sufficiently indicate what medical records are being referenced by Plaintiff.

Plaintiff argues that he has unequivocally answered that the records have been provided. He further states that he made it clear in his response that he has suffered no other injuries in the last ten years. He also points out that his medical records are hardly voluminous and Defendant possesses more than adequate resources to examine their contents. He cites Fed. R. Civ. P. 33 in support of his contention that it is sufficient to answer an interrogatory by specifying the records from which the answer may be derived or ascertained.


Fed. R. Civ. P. 33 provides that "the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . ."[3] Defendant argues that Rule 33 does not apply here because the medical records are not Plaintiff's business records. The Court is inclined to agree with Defendant that Rule 33 is not applicable here and Plaintiff cannot rely on Rule 33 to support his argument that it is sufficient to answer an interrogatory by specifying the records from which the answer may be derived or ascertained.

The Court finds that Plaintiff's interrogatory answer to Interrogatory No. 4, which merely references medical records he already produced to the Defendant is not a sufficient response to the interrogatory. **Within 20 days from the date of this Memorandum and Order**, Plaintiff shall serve a supplemental response to Defendant's Opening Interrogatory No. 4. Such response shall identify all instances for the past 10 years in which Plaintiff was treated in a hospital, along with dates of treatment, name of hospital/emergency care provider, and reason/condition/injury necessitated for the treatment.

### B.     Opening Interrogatory No. 7

Defendant's Opening Interrogatory No. 7 requests that Plaintiff identify all photographs of which he has notice or knowledge and taken with regard to the occurrence which is the subject matter of the lawsuit, or the investigation thereof. In response to the interrogatory, Plaintiff states that he has "already produced a complete set of photographs taken of the accident site." Defendant requests that the Court compel the Plaintiff to provide a more sufficient response to the interrogatory. Specifically, Defendant requests that Plaintiff "identify" each photograph of which he has notice or knowledge. Plaintiff argues that

---

[3] Fed. R. Civ. P. 33(d).

he has adequately answered this interrogatory by producing all photographs in his possession having to do with the accident and by specifying in his answer that he has already provided a complete set of photographs taken at the accident site. Plaintiff is unclear what more Defendant wants.

The Court concludes that Plaintiff's response, i.e. that he has already produced a complete set of photographs taken at the accident site, is not a sufficient answer to the interrogatory in that it leaves open the question whether Plaintiff has knowledge of other photographs which he may not have in his possession. **Within 20 days from the date of this Memorandum and Order**, Plaintiff shall serve a supplemental response to Defendant's Opening Interrogatory No. 7 that indicates whether Plaintiff has notice or knowledge of any other pictures of the accident site not provided to Defendant.

        **C.**        **Opening Interrogatory No. 9**

Defendant's Opening Interrogatory No. 9 requests identification of all medical practitioners or medical institutions who treated or examined Plaintiff for any condition of health he claims was caused or aggravated by the occurrence which is the subject matter of the lawsuit, including the dates of the treatments or examinations and their costs. Plaintiff answered the interrogatory by stating he had already produced a complete set of medical records and medical bills to Defendant as part of a settlement offer. Defendant argues that Plaintiff's interrogatory answer is insufficient because the medical records do not specify which treatments were due to the alleged injury. Plaintiff argues that each of the providers can be easily gleaned from the medical records. He further states that on at least three other occasions each of the medical providers have been identified by name.

Upon review of the interrogatory response, the Court determines that Plaintiff's response that he has produced a complete set of medical records and medical bills is not a sufficient answer. Plaintiff's

4

answer in its current form does not sufficiently narrow, from the complete set of medical records and bills, which medical practitioners or medical institutions treated or examined Plaintiff for health conditions he claims were caused or aggravated by the occurrence which is the subject matter of the lawsuit. Merely referencing the medical records and bills previously produced by Plaintiff does not identify which particular visits or treatments were for injuries or conditions caused or aggravated by the slip and fall at issue in this case. **Within 20 days of this Memorandum and Order**, Plaintiff shall serve a supplemental response to Defendant's Opening Interrogatory No. 9 that identifies all medical practitioners or institutions who treated or examined Plaintiff for health conditions caused or aggravated by the slip and fall at issue in this lawsuit.

### D.     Opening Interrogatory No. 11

Defendant's Opening Interrogatory No. 11 requests that Plaintiff itemize his medical expenses and any other damages he claims to date. Plaintiff's response is that he already produced a complete set of medical bills to Defendant. Defendant argues that Plaintiff's Answer to the interrogatory is insufficient. Plaintiff states that on at least three occasions a medical bill summary stating the provider and the amount of the bill was provided to Defendant. Defendant concedes that Plaintiff did send a letter itemizing all of the medical providers and bills; however, the letter was not enough to conform to Rule 33 in which it must be under oath and signed by the person making them.

Even though Plaintiff provided all the information requested by Opening Interrogatory No. 11, Defendant requests that the Court compel Plaintiff to restate this information in a supplemental response signed under oath. Fed. R. Civ. P. 33(b)(1)(2) requires that interrogatory answers be signed by the person making them. Plaintiff shall serve its supplemental response to Interrogatory No. 11 in which it restates the

5

information itemizing all of the medical providers and bills.  This supplemental response shall be served **within twenty (20) days from the date of this Memorandum and Order.**

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel (doc. 27) is granted as set forth herein.  Defendant's Motion to Compel is GRANTED as to Defendant's Opening Interrogatories Nos. 4, 7, 9, and 11.  Plaintiff shall serve supplemental responses to Defendant's Opening Interrogatories Nos. 4, 7, 9, and 11 in accordance with the Court's discussion of each interrogatory discussed above.  Plaintiff shall serve all supplemental responses **within twenty (20) days from the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED THAT** Plaintiff shall show cause to the undersigned Magistrate Judge in a pleading filed no later than **July 13, 2006**, why he should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendant's reasonable expenses incurred in making the motion to compel.

Dated in Kansas City, Kansas on this 13th day of June, 2006.

<div style="text-align:right">

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

</div>

cc:     All counsel