GLR/bjd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**STEVE BLAIR,**

          **Plaintiff,**

**v.**

**COLORADO HOSPITALITY SERVICES,
INC., d/b/a Western Ho Motel,
d/b/a First Interstate Inn,**

          **Defendant.**

**CIVIL ACTION**

**No. 05-2450-KHV-GLR**

## ORDER

The Court granted Defendant's Motion to Compel by Memorandum and Order dated June 13, 2006 (doc. 36). In its Memorandum and Order, the Court ordered Plaintiff to show cause why he should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendant's reasonable expenses, including attorney's fees, incurred in making the motion to compel. Plaintiff filed his Response to the Memorandum and Order of the Court Against Paying Defendants' Expenses (doc. 38) on June 23, 2006. The Court has reviewed Plaintiff's Response and determines that Plaintiff has shown cause why he should not be required to pay Defendant's reasonable expenses incurred in making the motion to compel.

Fed. R. Civ. P. 37(a)(4)(A) states that the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expense incurred in obtaining the order, including attorney's fees, unless the court finds that the opposing party's nondisclosure, response, or objection was substantially justified.

Plaintiff argues that each of his responses to Interrogatory Nos. 4, 7, 9, and 11 were substantially justified. He asserts that on several occasions before Defendant's Motion to Compel was filed he attempted to substantially provide all of the information requested during the discovery process. He confesses to a mistaken belief that Fed. R. Civ. P. 33(d) applied to a person's medical records as business records of that individual. Plaintiff also argues that one of his supplements was sufficient in content but did not completely comply with the Fed. R. Civ. P. 33(b)(2). He states he reasonably believed that providing the medical records and bills was a sufficient response to the request to itemize medical practitioners or institutions. He inadvertently failed to answer the question of whether he knew of more photographs.

**IT IS THEREFORE ORDERED THAT** Plaintiff has shown cause why he should not be ordered to pay Defendant's reasonable expenses incurred in making the Motion to Compel (doc. 27) filed on April 11, 2006. Each party shall bear their own costs relating to the Motion to Compel.

Dated in Kansas City, Kansas on this 14th day of July, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:    All counsel