GLR/byk/dl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEVE BLAIR,**

**Plaintiff,**

**CIVIL ACTION**

**v.**

**No. 05-2450-GLR**

**COLORADO HOSPITALITY SERVICES INC.,**

**Defendant.**

## MEMORANDUM AND ORDER

In this negligence action plaintiff alleges that he slipped and fell on ice on an external stairwell of defendant's motel.  As a result, he allegedly sustained severe injuries that required emergency treatment at a medical center and later care by Dr. Lowry Jones.  The Court has for consideration two motions:  Defendant's Motion in Limine (doc. 67) and Defendant's Motion to Quash and Motion for Protective Order (doc. 80).

**I.     Motion in Limine**

Defendant's Motion in Limine (doc. 67) seeks an order "that plaintiff cannot present evidence related to the condition of defendant's property other than evidence about the condition of the stairway at issue."  Depositions of co-employees of plaintiff developed evidence about other conditions at the motel.  They relate to linens, air conditioning, pot holes, falling concrete, dirty carpet, and rust underneath the stairs.  Defendant contends that these other conditions, other than lighting and ice on the stairway, are irrelevant and that plaintiff should be precluded from presenting any evidence related to them.  Defendant argues that such evidence could only serve to prejudice the jury into wanting to punish it.

In response, plaintiff argues that evidence of conditions outside of and surrounding the subject stairway is relevant and that its probative value far outweighs any possible prejudicial effect. He asserts that defects around the stairs, such as an overhanging roof that drains water directly onto the top step, contributed to the dangerous condition that caused his alleged fall.  Plaintiff further suggests that relevant evidence will show that the metal and masonry beneath the stairs are in an advanced state of corrosion and decay that has existed for a long time.  He argues that, although he fell on the icy stairway, the deteriorating condition of the stairway in its entirety, which caused the condition of water draining onto the stairs and forming ice, is relevant.

Plaintiff also proposes to submit evidence of any other dangerous conditions on the property that defendant failed to correct in a timely manner.  He argues that such evidence illustrates that defendant was often informed of dangerous conditions on the premises and failed to correct them. He further asserts that such evidence would impeach anticipated testimony of witnesses that the motel was maintained in good repair and that ice melt was regularly applied to icy stairs and walkways.

The Court first addresses the issue of whether the proposed evidence is relevant.  Federal Rule of Evidence 401 defines "relevant evidence" as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1]  Relevant evidence is, with some exceptions, admissible; irrelevant evidence is not.[2]  Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

[1]Fed. R. Evid. 401.

[2]Fed. R. Evid. 402.

2

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[3]

Plaintiff alleges that ice on the stairs caused him to slip and fall and sustain injuries. Whether ice was present on the stairs when plaintiff fell is a factual issue. Plaintiff proposes to present evidence to show that ice formed from water falling upon the stairs from the overhanging roof. Such evidence appears relevant. The Court cannot determine at this point, moreover, to what extent the overall condition of the stairway may be relevant to the show the condition of the stairway and to what extent it was reasonably usable for pedestrian traffic.

As the presence of ice on the stairs is relevant, so is its removal. In Kansas, a business owes its customers a duty of reasonable care under all the circumstances.[4] Evidence presented to show whether defendant exercised reasonable care to eliminate a potentially dangerous condition caused by the accumulation of ice thus appears relevant.

The Court cannot find, however, that evidence pertaining to other motel conditions, such as linens, air conditioning, pot holes, and carpet, is relevant, at least to plaintiff's case in chief. Plaintiff suggests that testimony regarding the condition of linens, air conditioning system, pot holes, and carpet shows that defendant was informed of various problems on the premises, but consistently failed to make safe those dangerous conditions. While evidence of the condition of the stairs and surrounding areas and circumstances that may have contributed to the condition of that area, including the overhanging roof, is relevant, evidence of the condition of defendant's linens, air

---

[3]Fed. R. Evid. 403.

[4]*Cunningham v. Braum's Ice Cream & Dairy Stores*, 276 Kan. 883, 886, 80 P.3d 35, 38 (2003)

conditioning system, pot holes, and carpet appears unlikely to be relevant, unless it were presented to impeach testimony suggesting the absence of those conditions.  The prejudicial effect of such evidence, moreover, would probably outweigh any relevance or probative value.

Federal Rule of Evidence 404(b) may also apply.  It provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b) would allow character evidence, however, "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  As this is a suit for negligence, these exceptions appear inapplicable.  Additionally, in cases where courts have admitted evidence under one of the exceptions enumerated by Fed. R. Evid. 404(b), there is a nexus of relevance between the evidence of the acts admitted and the issues central to the case that is missing here.[5]  Defendant's knowledge as to the condition of linens, air conditioning, pot holes, and carpet provides little, if any, connection to attending to danger of ice on the stairs at issue.

In summary, the Court finds that evidence as to the condition of the stairway and its surrounding area, including the overhanging roof, will probably be relevant.  Evidence of the other motel conditions enumerated by the parties does not appear relevant; unless presented to impeach testimony suggesting the absence of those conditions.  The Court thus sustains in part and overrules in part the motion in limine.

## II.      Motion to Quash and Motion for Protective Order

---

[5]*See, e.g., Turley v. State Farm Mut. Auto. Ins. Co.*, 944 F.2d 669, 675 (10th Cir. 1991) (holding that evidence of plaintiff insured's prior conviction for insurance fraud was admissible under exceptions of Fed. R. Evid. 404(b) where defendant insurer, having refused to pay plaintiff's insurance claim, theorized that claim was fraudulent).

Defendant has also filed a Motion to Quash and for Protective Order (doc. 80).  It seeks to quash the deposition notice for Dr. Lowry Jones to be deposed on November 20, 2006.  In support of its motion defendant asserts the unavailability of its counsel for that date.  Plaintiff opposes the motion by showing that he provided sufficient notice pursuant to Fed R. Civ. P. 32(a).  He also suggests that he should be allowed to use Dr. Jones' deposition at trial, because of "exceptional circumstances," within the meaning of Rule 32(a)(3)(E).

The Court finds that defendant's motion to quash the deposition is moot. The scheduled date for the deposition has passed.  Defendant does not oppose the deposition of Dr. Jones, only the timing of it to allow its counsel to attend.  Accordingly, plaintiff may re-schedule the deposition. The Court strongly encourages counsel for both parties to schedule a date and time as compatible as possible to their own schedules and to that of the witness.

The responsive memorandum of plaintiff asks the Court to rule that "exceptional circumstances" exist, within the meaning of Fed. R. Civ. P. 32(a)(3)(E), to allow the deposition to be used at trial instead of the live testimony of the witness.  The Court finds this request premature. Plaintiff has asserted the request only by his supporting memorandum responsive to the motion of defendant.  The Court finds no factual substantiation for the request.  Nor has defendant responded to it in any substantive way.  Neither party has adequately addressed the issue.

In summary, the Court overrules the motion as moot.  Plaintiff may re-schedule the deposition of Dr. Jones.  The Court will consider whether "exceptional circumstances" exist for use of the deposition for any purpose, as contemplated by Rule 32(a)(3)(E), upon any further application by plaintiff.

5

**IT IS THEREFORE ORDERED THAT** Defendant's Motion in Limine (doc. 67) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Quash and Motion for Protective Order (doc. 80) is overruled as moot.  Plaintiff may re-schedule the deposition of Dr. Jones.  Any future determination of whether "exceptional circumstances" exist for use of Dr. Jones' deposition at trial, as contemplated by Rule 32(a)(3)(E), may be considered by the Court upon further application by plaintiff.

Dated in Kansas City, Kansas on this 8th day of December, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfeldt
United States Magistrate Judge

cc:    All counsel

6