GLR/jkm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVE BLAIR,

        Plaintiff,

v.                                Case No.  05-2450-KHV-GLR

COLORADO HOSPITALITY SERVICES, INC.,

        Defendant.

### MEMORANDUM AND ORDER

The Court has for consideration a Motion to Quash and Motion for Protective Order (doc. 87).  Defendant thereby seeks to quash "the Notice for the deposition of Dr. Jones for December 18, 2006 and for the Court's Protective Order that defendant need not appear for said deposition." Defendant opposes the deposition only because its counsel has a jury trial, scheduled for December 18 in the Circuit Court of Jackson County, Missouri.  That creates a scheduling conflict against the deposition set for the same date in Leawood, Kansas.

Plaintiff opposes the motion.  He asserts that the schedule of Dr. Jones for attending patients limits his availability in this case, whether for trial or for deposition, to December 18.  The Court has set the case for trial, beginning January 23, 2007.  Plaintiff argues the necessity of the deposition to preserve the testimony of the doctor, who treated plaintiff for injuries for which he here seeks damages.  Plaintiff also details his efforts over several months to ascertain a date convenient to defense counsel for this deposition.

As the moving party, defendant bears the burden to justify the quashing of the notice and for a protective order.  Defendant asserts no rule to support its motion.  Fed. R. Civ. P. 26(c) provides

that the Court "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Rule 26 addresses discovery.  In this instance the parties agree that time for discovery has passed and that the deposition of Dr. Jones is to preserve his testimony for use at trial.  Fed. R. Civ. P. 32 addresses the use of depositions in court proceedings.  Subsection (a)(3) places limits upon the use of depositions under specified circumstances.  It also refers to the applicability of Rule 26(c) as an appropriate procedure against notice of a deposition within less than 11 days.

In any event defendant has not shown good cause to quash the notice for the deposition.  In its supporting memorandum defendant asserts a desire for its trial counsel to attend the proposed deposition.  The Court understands that desire.  Plaintiff states, however, that at least two attorneys have appeared for other depositions in this case.  Defendant argues that those depositions were of fact witnesses and not of an expert.  The Court notes, nevertheless, the appearance of two attorneys of record for the defendant in this case.  It does not infer from the briefing that both attorneys are unable to attend the scheduled deposition.  The Court declines to assume, moreover, that other attorneys appearing in this litigation are somehow disqualified or unable to prepare and apply the basic skills of cross-examining a physician.  The Court also finds nothing to suggest its counsel has made any effort to ask for a mid-afternoon recess of his jury trial that would allow his attendance at the scheduled deposition, set for 4 p.m.  For these reasons the Court denies the request to quash the notice of the deposition of Dr. Jones, set for December 18.

For the same reasons the Court also denies the request by defendant for a protective order that it need not appear for the deposition.  Defendant has cited no rule that would otherwise compel its attendance.  The Court otherwise finds no such requirement.  A party may indeed waive cross-

2

examination or appearance at a deposition, should it choose to do so.

Similar to his argument against an earlier motion, plaintiff in his response asks the Court to authorize use of the deposition of Dr. Jones at trial in lieu of his live testimony. Plaintiff contends that Fed. R. Civ. P. 32(a)(3)(E) applies. Sub-section (E) provides that the deposition of a witness may be used for any purpose if the court finds, ". . . upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." The Court finds no opposition by defendant to this request.

Notwithstanding the absence of opposition, the Court overrules the request of plaintiff for a finding that "exceptional circumstances" exist. Denial of the request is without prejudice to any further motion of plaintiff to qualify the deposition of Dr. Jones under Rule 32(a)(3)(E), after it has been taken. At this point the Court believes the request of plaintiff is premature. The deposition has not occurred. In his responsive memorandum plaintiff argues the inability of Dr. Jones to appear at trial, due to his busy schedule with patients. The Court readily understands that to be true for many doctors, who nevertheless are able to adjust their schedules and appear for live testimony. Plaintiff has not supported his argument with any affidavit, testimony, or other evidence to support his argument for "exceptional circumstances." The Court finds only hearsay statements and conclusions of counsel. Considered with other facts, those generalities may or may not be sufficient for the Court to find "exceptional circumstances." But the Court declines to make that determination at this point.

In summary, the Court overrules the Motion to Quash and Motion for Protective Order (doc. 87) for the reasons herein set forth. It also overrules, without prejudice to any further motion after

3

the deposition of Dr. Jones, the request of plaintiff for a finding that "exceptional circumstances"

exist for use of the deposition, pursuant to Fed. R. Civ. P. 32(a)(3).

Dated December 14, 2006.

IT IS SO ORDERED.

s/Gerald L. Rushfelt
GERALD L. RUSHFELT
U.S. MAGISTRATE JUDGE

cc:   All counsel and *pro se* parties